UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CURLIN PENNICK III,<br>Plaintiff,<br>v.<br>DAVID MCLENDON,<br>Defendant. | CASE NO. 3:18-cv-05857-BHS-JRC<br>REPORT AND RECOMMENDATION<br>NOTED FOR: DECEMBER 14, 2018 |

The District Court has referred this 42 U.S.C. §1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff Curlin Pennick III has filed a motion for leave to proceed *in forma pauperis* ("motion for IFP") and a proposed civil rights complaint. Dkts. 1-1, 4. However, the Court finds that plaintiff has incurred three "strikes" under 28 U.S.C. § 1915(g) and that his allegations that defendant retaliated against him for filing a grievance fail to show that he is under imminent danger of serious physical injury. Therefore, the Court recommends that plaintiff's motion for

IFP (Dkt. 4) be denied and that plaintiff be directed to pay the $400.00 filing fee in order to proceed with this action.

**BACKGROUND**

Plaintiff, who is a prisoner currently incarcerated at the Stafford Creek Corrections Center ("SCCC") filed this action in October of 2018. Dkt. 1. However, his motion for IFP was deficient, and so the Clerk advised plaintiff to file a second motion for IFP. Dkt. 2. Plaintiff has now done so. Dkt. 4.

In his proposed complaint, plaintiff alleges that defendant retaliated against him for filing a grievance. Dkt. 1-1. He states that, after plaintiff filed the grievance complaining of defendant's actions, defendant falsely reported an interaction with plaintiff, resulting in an infraction against plaintiff because of the false report. *Id*. He requests $15,000 in compensatory damages. *Id*.

**DISCUSSION**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs *in forma pauperis* ("IFP") proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states that prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be

barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court notes that the PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155.

**I. Strikes Under 28 U.S.C. § 1915(g)**

A review of court records from this district shows that at least three of the cases plaintiff has filed in the past while incarcerated were dismissed as frivolous or for failure to state a claim.

Plaintiff filed *Pennick v. Redford*, No. 2:02-cv-02276-TSZ (W.D. Wash. Feb. 13, 2003), while incarcerated at SCCC. During the screening process, that case was dismissed without prejudice for failure to state a claim upon which relief can be granted. *Id*., Dkt. 8. Because the case was dismissed for failure to state a claim, *Pennick v. Redford* is plaintiff's first strike.

Plaintiff later filed *Pennick v. Thompson*, No. 3:11-cv-05175-RBL (W.D. Wash. Sept. 28, 2011), while incarcerated at SCCC. Pursuant to defendants' motion to dismiss, the Honorable Karen L. Strombom recommended defendants' motion be granted and plaintiff's action be dismissed for failure to state a claim on which relief can be granted. *Id*., Dkt. 18. The Honorable Ronald B. Leighton adopted that recommendation and dismissed plaintiff's action with

prejudice. *Id.*, Dkt. 21. Because the case was dismissed for failure to state a claim, *Pennick v. Thompson* is plaintiff's second strike.

Plaintiff filed *Pennick v. Zamora*, No. 3:11-cv-5890-RJB (W.D. Wash. Feb. 22, 2013), while he was still incarcerated at SCCC. Pursuant to defendants' motion for summary judgment, Judge Strombom recommended plaintiff's action be dismissed as, "at the least, frivolous . . . ." *Id.*, Dkt. 31 at p. 15. The Honorable Robert J. Bryan agreed and, in his order dismissing the case, noted specifically "the dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g)." *Id.*, Dkt. 32. Because the case was dismissed as frivolous, *Pennick v. Zamora* is plaintiff's third strike.

Thus, while incarcerated, plaintiff brought at least three actions which failed to state a claim or were frivolous. Therefore, he is barred from proceeding IFP in this action unless he can show that he is exempt from the three-strikes rule because he is facing imminent danger.

**II.     Imminent Danger Exception**

The three-strikes rule does not apply if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint was filed. *Cervantes*, 493 F.3d at 1052. The imminent danger exception requires a prisoner to allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted). The Ninth Circuit has held that "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the immanency requirement.'" *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing that the threat to him is real and proximate. *Cervantes*, 493 F.3d at 1053 (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

Here, plaintiff alleges that defendant retaliated against him in violation of his First Amendment protections. Dkt. 1-1. Specifically, plaintiff states that he filed a grievance against defendant, claiming that defendant had unfairly forced plaintiff to miss a meal and inappropriately forbade him from helping a disabled fellow prisoner. *Id*. at pp. 6-7. The next day, defendant allegedly confiscated plaintiff's sunglasses, and then falsely reported that plaintiff had refused to obey a staff directive. *Id*. at p. 8. Plaintiff alleges this false report led to an infraction, and the infraction chilled plaintiff's ability to exercise his First Amendment rights. *Id*. However, plaintiff has included no allegations regarding any sort of physical danger. Plaintiff's allegation is confined to retaliation, which he has not alleged resulted in physical harm or imminent physical danger. Plaintiff has thus failed to allege that he faces a threat of physical danger which is "ready to take place" or "hanging threateningly over [his] head." *Cervantes*, 493 F.3d at 1056. Therefore, the Court finds that the imminent danger exception does not apply in this case, and plaintiff is subject to the three-strikes rule.

**CONCLUSION**

For the reasons stated above, the Court recommends plaintiff's motion for IFP be denied. The Court further recommends plaintiff be directed to pay the $400.00 filing fee to proceed with this action, or face dismissal of this action without prejudice for failure to produce the filing fee.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 14, 2018**, as noted in the caption.

Dated this 29th day of November, 2018.

J. Richard Creatura
United States Magistrate Judge